IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-2467-MSK-MJW

BOVY C. HEM,

    Petitioner,

v.

DOUGLAS MAURER, Interim Field Director, U.S. Immigrations & Customs Enforcement,
UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT,

    Respondents.

---

## ORDER TRANSFERRING CASE TO COURT OF APPEALS

---

THIS MATTER comes before the Court on the Respondents' Motion to Transfer Habeas Petition to Court of Appeals **(#16)**. Having considered the motion and the response thereto, the Court

**FINDS** and **CONCLUDES** that:

The Respondents contend that recent amendments to 8 U.S.C. § 1252 divest this Court of subject matter jurisdiction over the Petitioner's habeas application. They therefore ask the Court to transfer this case to the Tenth Circuit Court of Appeals. The Petitioner does not oppose the motion.

On May 11, 2005, Congress amended 8 U.S.C. § 1252 to provide that district courts lack subject matter jurisdiction, even in the context of a habeas case, to review final orders of removal

"against an alien who is removable by reason of having committed a criminal offense[.]" *See* 8 U.S.C. §§ 1252(a)(2)(C). Now, the exclusive means of judicial review is in the court of appeals. *See* 8 U.S.C. § 1252(a)(5). Congress provided: "If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed[.]" Pub. L. 109-13, Div. B, § 106(c).

In the case at bar, the Petitioner challenges the Board of Immigration Appeals' ("BIA") determination that he is not eligible for relief from removal under § 212(c) of the Immigration and Nationality Act of 1952. Because the Petitioner seeks judicial review of the BIA's final order of removal, he must proceed in the court of appeals.

**IT IS THEREFORE ORDERED** that:

(1) The Respondents' Motion to Transfer Habeas Petition to Court of Appeals **(#16)** is **GRANTED**.

(2) The Clerk of Court is directed to transfer this action to the Tenth Circuit Court of Appeals.

(3) The Clerk of Court is directed to close this case.

Dated this 21st day of June, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge